UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

ANTONIO J. OROPALLO,

                          Plaintiff,

    v.                                     No. 09-CV-1249
                                              (GLS/DRH)

TOWN OF COLONIE; COLONIE POLICE
DEPARTMENT; STEVEN H. HEIDER, Colonie
Chief of Police in his official and individual
capacity; SERGEANT CHRISTOPHER RUFF,
Colonie Police Department, in his official and
individual capacity; OFFICER DAVID MINK,
Colonie Police Department, in his official and
individual capacity; OFFICER DANIEL J.
BELLES, in his official and individual capacity;
JOHN DOE and JANE DOE, representing any
other members of the Colonie Police
Department involved in the incident at 719
Vermont View Dr., Colonie, New York, on
October 6, 2008, in their official and individual
capacities,

                               Defendants.
----------------------------------------------------------------

APPEARANCES:                                  OF COUNSEL:

ANTONIO J. OROPALLO
Plaintiff Pro Se
714 Vermont View Drive
Watervliet, New York 12189

D'AGOSTINO, KRACKELER, MAGUIRE       ANTHONY V. CARDONA, JR., ESQ.
 & CARDONA, P.C.                          MIA D. Van AUKEN, ESQ.
Attorney for Defendants
The Sage Mansion
16 Sage Estate
Menands, New York 12204

## REPORT-RECOMMENDATION and ORDER

      Plaintiff pro se Antonio J. Oropallo ("Oropallo") then represented by counsel, commenced this action on November 6, 2009 alleging that the Town of Colonie, its police

department, and six of its police officers, violated his constitutional rights during an arrest in violation of 42 U.S.C. § 1983. Dkt. No. 1. Defendants answered and a scheduling order filed March 1, 2009 established a schedule for completion of the case. Dkt. Nos. 5, 8. Thereafter, an order was entered on July 21, 2010 granting the motion of Oropallo's attorney to withdraw as his counsel. Dkt. No. 18. The order was entered only after Oropallo was advised on-the-record that his attorney would be granted leave to withdraw only if Oropallo agreed and that, if Oropallo agreed, he would be required to obtain new counsel or to proceed representing himself. Id. Further proceedings were stayed to permit Oropallo to retain new counsel and a hearing was scheduled for September 20, 2010 to permit Oropallo time to retain new counsel. Id. The order further required Oropallo to be personally present for the conference on September 20, 2010. Id. A copy of the order was mailed to Oropallo at the address he provided during the hearing. See Court Only Notice dated 7/21/10.

At the time scheduled for the hearing on September 20, 2010, counsel for defendants appeared but Oropallo did not. See Minute Entry dated 9/20/10. A further order was then entered setting a further hearing for October 14, 2010 at 9:00 a.m. and again requiring Oropallo to be personally present for the hearing. Dkt. No. 19. A copy of the order was mailed to Oropallo and, according to the United States Postal Service return receipt, was personally received by him on September 23, 2010. Dkt. Nos. 20, 21. The hearing was held as scheduled on October 14, 2010. Counsel for defendants again appeared but Oropallo again did not.

Under Fed.R.Civ.P. 41(b), a court may dismiss an action for a plaintiff's failure to prosecute. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also, N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action

or proceeding diligently, the assigned judge shall order it dismissed ...."). In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F.Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Gablonski, 162 F.R.D. 268, 270 (N.D.N.Y. 1995).

Here, Oropallo has twice failed to appear for hearings as ordered by the Court. The second failure occurred after he received actual notice of the hearing, the requirement that he attend, and the consequences, including dismissal of the action, if he failed to comply. While his failures to appear for the hearings or to take any other action in this case have not been unduly long and while no prejudice to defendants yet appears beyond the cost of their attorney's hearings, Oropallo's complete failure to participate in the prosecution of this action and even to comply with orders that he attend Court conferences makes it impossible for this case to proceed. The only conclusion left to be drawn from Oropallo's failures is that he has intentionally abandoned this action and leaves as the only option for sanctions the dismissal of this action.

Accordingly, in light of Oropallo's abandonment of the prosecution of this action and the fact that the abandonment has occurred following actual notice to Oropallo of the consequences of his failure to appear (see Dkt. No. 19 at 3), it is hereby

**RECOMMENDED** that this action be **DISMISSED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: October 15, 2010
       Albany, New York

_David R. Homer_
David R. Homer
U.S. Magistrate Judge